1622 LOCUST STREET   |   PHILADELPHIA, PA 19103-6305   |   PHONE: 215/875-3000   |   FAX: 215/875-4604   |   WWW.BERGERMONTAGUE.COM



| | |
|---|---|
| ERIC L. CRAMER | *ALSO ADMITTED IN NY* |
| WRITER'S DIRECT DIAL | 215/875-3009 |
| WRITER'S DIRECT FAX | 215/875-4604 |
| WRITER'S DIRECT E-MAIL | ecramer@bm.net |

July 8, 2016

**VIA ECF**
The Honorable Brian M. Cogan
United States District Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *In re Dental Supplies Antitrust Litigation*, No. 1:16-CV-00696-BMC-GRB

Dear Judge Cogan:

Class Plaintiffs wish to file a motion requesting modification of the operative Case Management Order ("CMO") No.2, ECF No. 2,[1] allowing this case to deviate from the schedule applicable to *SourceOne Dental, Inc. v. Patterson Companies, Inc. et al*., No. 15-CV-5440) ("*SourceOne*").

Class Plaintiffs and Defendants had initially agreed that a schedule extending beyond the *SourceOne* deadlines was appropriate given, *inter alia*, the broader temporal, procedural, and substantive scope of Class Plaintiffs' claims. To that end, the parties met and conferred and submitted a Joint Letter to Magistrate Judge Brown, ECF No. 90 ("Joint Letter"),[2] setting forth an agreed upon schedule, subject to two areas of disagreement (both of which Magistrate Judge Brown resolved in Class Plaintiffs' favor). *See* Docket Order, June 30, 2016. However, Magistrate Judge Brown declined to adopt the parties' schedule because it was "inconsistent with Case Management Order No. 2 (*see* DE 2), requiring that 'until further Order, parties will join and are subject to the discovery schedule set forth by Magistrate Judge Brown in *SourceOne*….'" Seeking to deprive Class Plaintiffs of the time they had initially agreed was appropriate, Defendants now oppose the relief requested herein. Respectfully, and for the reasons set out below, CMO No. 2 should be modified and Class Plaintiffs' proposed schedule should be entered as the parties had initially proposed to Magistrate Judge Brown.

---

[1] CMO No. 2 provided, *inter alia*, that "[u]ntil further Order, parties will join and are subject to the discovery schedule set forth by Magistrate Judge Brown in *SourceOne*." ECF No. 2, at 4.
[2] Attached as Ex. 1.

By way of background, during June, Class Plaintiffs met and conferred with Defendants and SourceOne regarding discovery limits and scheduling. On June 24, 2016, Class Plaintiffs and Defendants submitted a Joint Letter to Judge Brown containing Class Plaintiffs' proposed case schedule ("Plaintiffs' Proposed Schedule"), Defendants' proposed case schedule ("Defendants' Proposed Schedule"), summaries of the parties' positions on disputed issues, and stipulated deposition and interrogatory discovery limits that were negotiated and agreed upon by Class Plaintiffs, Defendants, and SourceOne ("Stipulated Discovery Limits"). *See* Joint Letter. As the Joint Letter reflects, with two caveats, the parties had jointly agreed to a case schedule that provided for litigation deadlines for fact discovery, expert discovery, and briefing class and summary judgment motions. With respect to the timing of discovery, Class Plaintiffs and Defendants had agreed on the following: (1) the deadline for interrogatories will be aligned with the deadline in *SourceOne*, September 5, 2016; (2) the deadline for motions to join new parties or amend the pleadings will be September 5, 2016; (3) the deadline for fact discovery will be May 12, 2017, approximately three months after the deadline in *SourceOne*; (4) there will be a single round of expert reports covering class and merits issues together; (5) the deadlines for Plaintiffs' expert reports, Defendants' expert reports, and Plaintiffs' rebuttal reports will be, respectively, June 16, August 15, and December 12, 2017; and (6) the deadlines for summary judgment and *Daubert* motions should be extended past the deadlines set in *SourceOne*. The parties disagreed on whether: (1) Defendants should be permitted, as a matter of right, to file sur-rebuttal expert reports responding to Plaintiffs' expert rebuttal reports; and (2) summary judgment motions and briefing should be delayed until the after Court rules on class certification and the Class has been issued notice. *See* Joint Letter, at 1, 6.

As to both of the issues on which the parties failed to reach agreement, Judge Brown ruled in favor of Class Plaintiffs. *See* June 30, 2016 Order. Judge Brown's Order denied without prejudice Defendants' request to be granted expert sur-rebuttals as a matter of right, and stated that "[w]ith respect to the parties' dispute as to the scheduling priority of summary judgment vs. class certification, absent further guidance from the district judge, the parties should expect to proceed with summary judgment first," rather than delaying summary judgment pending a ruling on class certification, as Defendants had proposed. *See id.* (citing *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 98 (E.D.N.Y. 2012)). However, Judge Brown declined to enter the parties' proposed schedule because, as his Order observed, Class Plaintiffs and Defendants are subject to the discovery schedule set forth in *SourceOne*. *See* June 30 Order. Therefore, a new CMO from this Court is required before any case schedule that is inconsistent with the *SourceOne* schedule can be imposed. While the parties contemplated and agreed that the Class case and *SourceOne*, would be litigated together where appropriate, in order to accommodate the fact that the Class case (a) is broader than the *SourceOne* case, (b) was filed later, and (c) has additional procedural requirements (*i.e.*, class certification), the parties agreed to extend the deadlines beyond those established for *SourceOne*. For the reasons discussed herein, the *SourceOne* schedule is inadequate for this case. Therefore, Class Plaintiffs intend to request that the Court enter a new CMO adopting the parties' proposed schedule (as set forth in Ex. B to the Joint Letter).[3]

---

[3] To accommodate their proposed sur-rebuttal expert report, Defendants' Proposed Schedule had set deadlines for class certification and class *Daubert* motions that are approximately two months later than Plaintiffs' proposed dates. *See id.* at Ex. B. Because Judge Brown ruled that Defendants are not entitled to a sur-rebuttal as a matter of right, *see* Judge Brown's Order, an

There is overlap between *SourceOne* and this case, and as such, Class Plaintiffs continue to work with SourceOne and Defendants to coordinate discovery. Class Plaintiffs have already worked with SourceOne to file joint subpoenas requesting documents from third parties, and the parties negotiated for deposition and interrogatory limits that incentivize Class Plaintiffs and SourceOne to coordinate depositions and interrogatories to avoid overlap. *See* Joint Letter at Ex. A.[4] However, the discovery and briefing deadlines set forth in *SourceOne* are too short for this case for four reasons. First, *SourceOne* began four months before the first complaint in this consolidated action was filed (and five months before the filing of the consolidation of the class action complaints). Nevertheless, the deadline for fact discovery in *SourceOne* is set for barely more than a year after that first complaint was filed. *See id.* at Ex. B. Second, Class Plaintiffs' allegations are broader in time and scope than the allegations in *SourceOne*, and both Class Plaintiffs and Defendants will require substantial fact discovery in addition to the discovery from *SourceOne*. *See* Consolidated Class Action Complaint, Doc. No. 49. Third, this litigation requires the parties to conduct additional fact and expert discovery relating to class certification. Fourth, and finally, on July 5 and 6, 2016, Class Plaintiffs received Defendants' responses to Class Plaintiffs' first sets of interrogatories and document requests, and all three Defendants have objected to producing documents or providing written answers responsive to nearly all of Plaintiffs' requests, especially those going beyond the scope of the allegations in the *SourceOne* case. *See* Exs. 2-6. In light of these circumstances, a fact discovery deadline of February 10, 2017 (the deadline in *SourceOne*, *see* Joint Letter at Ex. B) would be insufficient to ensure that all necessary discovery can be accomplished.

The parties to this case previously agreed that key deadlines should be extended beyond those set in *SourceOne*. Nevertheless, seeking to constrain Class Plaintiffs to a *SourceOne* schedule that is manifestly unworkable for this case, Defendants now disavow their prior agreed schedule. Because this litigation will involve more fact discovery, more expert reports, more legal issues, and more briefings spanning a longer time period than needed for *SourceOne*, the *SourceOne* schedule would be prejudicial if applied here. Accordingly, Class Plaintiffs intend to request that the Court enter an order approving the agreed upon Stipulated Discovery Limits and adopting Plaintiffs' Proposed Schedule as set forth in the Joint Letter at Ex. B.

Respectfully submitted,

/s/ *Eric L. Cramer*
Eric L. Cramer
*Co-Lead Class Counsel*

cc: Counsel in all associated cases (via ECF)

---

extra two months of delay is unnecessary. With Judge Brown having resolved both disputed scheduling issues in Class Plaintiffs' favor, and the parties having reached agreement on all other scheduling issues, *see* Joint Letter at 1, the Court should enter an order adopting Plaintiffs' Proposed Schedule as set forth in Ex. B to the Joint Letter.

[4] As to the stipulated deposition and interrogatory limits, the parties agreed that each "side" (with Class Plaintiffs and SourceOne constituting one side, and Defendants constituting the other) will be limited to 45 interrogatories and 455 hours of depositions. *Id.* at Ex. A.